UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HOSEA L. ROBINSON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:18-cv-1225-JAR |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by plaintiff Hosea L. Robinson, a prisoner and frequent filer of lawsuits.[1] The complaint is rather long and rambling, and the allegations are not entirely clear. However, it appears that the gist of the complaint is that, while plaintiff was in State custody, he was denied adequate medical care, and his disability was not accommodated. However, the complaint is defective because, among other things, it was not drafted on the Court's form, *see* E.D. Mo. Local Rule 2.06(A), and plaintiff's allegations are conclusory and fail to explain how any particular individual was personally responsible for violating his rights. In addition, while plaintiff has filed a motion for leave to proceed *in forma pauperis*, he did not file the account statement required by 28 U.S.C. § 1915(a)(2).

After filing the instant complaint, plaintiff filed two motions. The first is titled "Motion for the Injunctive Relief of Acquittal." (Docket No. 4). The second is titled "Movant's Motion to Add into Evidence: Motion to Vacate, Set Aside and or Correct Jury's Verdict and Sentence." (Docket No. 5). In both, plaintiff raises some of the issues he raises in the instant complaint. He

---

[1] In *State v. Robinson*, No. 1722-CR04070-01 (22nd Jud. Cir. 2018), petitioner was convicted of statutory rape and sentenced to a 20-year prison term.

also references his State court criminal proceedings, and appears to challenge the validity of his confinement or matters affecting its duration.

To the extent plaintiff can be understood to have filed these motions to supplement or add claims to his existing complaint, he is advised that it is impermissible to amend a complaint in this manner. To the extent plaintiff can be understood to challenge the validity of his confinement or matters affecting its duration, either in his motions or in his complaint, he is advised that such challenges fall within the province of federal habeas corpus, and therefore must be brought in an action filed pursuant to 28 U.S.C. § 2254. In fact, Court records indicate that plaintiff has already filed a petition for writ of habeas corpus pursuant to § 2254, seeking to challenge the same State court judgment he references here. As of the date of this Memorandum and Order, that petition remains pending. Both motions will therefore be denied.

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint on the Court's form. Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

**Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered.** *Id.* **The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each**

**and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.**

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

In addition, the Court will require plaintiff to submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, plaintiff must file an amended complaint on the Court's form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, plaintiff must submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that plaintiff's Motion for the Injunctive Relief of Acquittal (Docket No. 4) is **DENIED.**

3

**IT IS FURTHER ORDERED** that Movant's Motion to Add into Evidence: Motion to Vacate, Set Aside and or Correct Jury's Verdict and Sentence (Docket No. 5) is **DENIED.**

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 6th day of September, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE