# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HOSEA L. ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-cv-1225-JAR |
| STATE OF MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint, filed by plaintiff Hosea L. Robinson. For the reasons explained below, this case will be dismissed, without prejudice.

## Procedural History

Plaintiff is an inmate at the Southeast Correctional Center,[1] and is a frequent *pro se* and *in forma pauperis* litigator in this Court. He initiated this action on July 13, 2018 by filing what appeared to be a complaint seeking to vindicate violations of his federally protected rights. He also filed a motion for leave to proceed *in forma pauperis*, but he did not file a certified inmate account statement as required by 28 U.S.C. § 1915(a)(2). The complaint was essentially a series of legally conclusory statements about a variety of topics, including unspecified violations of the Americans With Disabilities Act, an alleged denial of medical care, and infirmities in his state court criminal proceedings. He alleged no facts from which the Court could identify any plausible claims. He also failed to file a certified copy of his institution account statement as required by 28 U.S.C. § 1915(a)(2).

---

[1] In *State v. Robinson*, No. 1722-CR04070-01 (22nd Jud. Cir. 2018), petitioner was convicted of statutory rape and sentenced to a 20-year prison term.

After filing the complaint, plaintiff filed two motions in an apparent attempt to amend or supplement his complaint. In a Memorandum and Order dated September 6, 2018, the Court explained why the complaint was subject to dismissal, and permitted plaintiff leave to file an amended complaint. In so doing, the Court clearly explained to plaintiff how to cure the deficiencies. The Court also directed plaintiff to submit a certified copy of his inmate account statement. Plaintiff timely filed an amended complaint, followed by a supplemental document. He did not file a copy of his account statement. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e).

## The Amended Complaint

In the original complaint, plaintiff named as defendants the State of Missouri, the City of St. Louis, and "Department of Corrections and Entities, et al," which was an apparent reference to the Missouri Department of Corrections. In the amended complaint, however, plaintiff identifies "State of Missouri et al." as defendants. The Court will presume that plaintiff still intends to name as defendants the State of Missouri, the City of St. Louis, and the Missouri Department of Corrections.

Like the original complaint, the amended complaint is a series of rather incoherent and legally conclusory statements. For example, plaintiff claims he is suing for "discrimination of the ADA, ADAAA and the laws protecting plaintiff's rights to them. By doing so prejudiced and discriminated plaintiff's rights to due process of these laws. And his rights to fair trial by jury." (Docket No. 8 at 1). He claims that in April, May, August and November of 2016, "the defendants' actions discriminated the laws of the ADA, ADAAA and plaintiff's rights to due process of these laws." *Id.* at 1-2. He alleges that the state refused to lower his bond, and did not consider his disabilities. He alleges his health conditions were not monitored daily with medical

2

equipment, he was shown deliberate indifference, and was subjected to oppressive incarceration, discrimination, and cruel and unusual punishment. Plaintiff composed the supplemental document in much the same manner. For his prayer for relief, plaintiff writes that the state violated the ADA and the ADAAA, and he should therefore be released from his "unlawful sentence and conviction." *Id.* at 4.

## Discussion

The Court will grant plaintiff leave to proceed *in forma pauperis* in these proceedings, and will assess an initial partial filing fee of $1.00, an amount that is reasonable under these circumstances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess a "reasonable" amount.).

To the extent plaintiff can be understood to proceed pursuant to 28 U.S.C. § 2254, this case is subject to dismissal pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. As of the date of this Memorandum and Order, both plaintiff's motion for post-conviction relief and his direct appeal remain pending in the Missouri State courts.[2] A petition for writ of habeas corpus pursuant to § 2254 shall not be granted unless it appears that the petitioner has exhausted his available state remedies. 28 U.S.C. § 2254(b)(1)(a).

To the extent plaintiff can be understood to proceed pursuant to 42 U.S.C. § 1983, this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed this lawsuit against the State of Missouri and the Missouri Department of Corrections, neither of which is a "person" subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Walker v. Missouri Dept. of Corrections*, 213 F.3d 1035, 1036 (8th Cir.

---

[2] *See Robinson v. State of Missouri*, No. 1822-CC10735 (22nd Jud. Cir. 2018) and *State of Missouri v. Hosea L. Robinson*, No. ED107079 (E.D. Mo. 2018).

3

2000) (the Missouri Department of Corrections is an entity of the State of Missouri). In addition, these defendants enjoy Eleventh Amendment immunity, and are not subject to an action for damages or equitable relief. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).

Plaintiff also named the City of St. Louis as a defendant. A local governmental body such as the City of St. Louis may be held liable only for constitutional violations that result from its policies or customs. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978), *L.L. Nelson Enterprises, Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 811 (8th Cir. 2012). Here, plaintiff fails to allege, with any specificity, that a City of St. Louis policy or custom is responsible for his injuries.

Plaintiff's choice of defendants is not the only reason this case is subject to dismissal. The amended complaint, like the original complaint and all of plaintiff's supplemental filings, is nothing more than a series of legally conclusory statements that are not entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Plaintiff simply fails to allege any facts from which the Court can identify a plausible claim, despite the fact he was previously advised about the necessity of doing so. The Federal Rules of Civil Procedure require even *pro se* litigants to set forth their claims in a simple, concise, and direct manner, and to set forth facts in support of their claims. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

The situation before the Court is one in which plaintiff chose to prepare his amended complaint in a manner nearly identical to the original after being told why the original was subject to dismissal. The rules of pleading are simple. Plaintiff was given clear instructions how to remedy the defects, and warned that his case would be dismissed if he failed to comply. Nothing permits the conclusion that plaintiff would follow the Federal Rules of Civil Procedure

4

or the Court's instructions if he were again allowed to submit an amended pleading. The Court will therefore dismiss this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of October, 2018.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE